WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Unbehauen, ) | No. CV-09-00459-PHX-LOA |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Secure Horizons/Pacificare/United Health Care, ) | |
| Defendants. ) | |

On April 20, 2009, the last day for *pro se* Plaintiff Charles Unbehauen to show cause why his Complaint should not be dismissed due to Plaintiff's failure to comply with a court order to either consent to a magistrate judge or elect to have the case reassigned to a district judge, Plaintiff filed a pleading entitled "Motion to Amend Complaint; Motion for timeliness; Motion for Magistrate; Reply to order 4.02.2009; Motion to dismiss with leave to refile." (docket # 7) This pleading is Plaintiff's response to the April 2, 2009 OSC. (*Id.* at 4) ("Reply to order 4.02.2009") The Court will address all five parts of Plaintiff's pleading in sequential order as set forth in this pleading.

**A. Motion to Amend Complaint**

Plaintiff is seeking leave to amend his March 6, 2009 Complaint to add as defendants: Health Net of Arizona, Inc., an Arizona corporation, and the United States Department of Health and Human Services. Plaintiff did not attach a copy of his First Amended Complaint to his April 20, 2009 pleading. It further appears that he is also

1 voluntarily dismissing his claims against current Defendants Secure Horizons/Pacificare/United Health Care. (*Id.* at 4) ("Plaintiff does not argue the dismissal against the unknown entity Secure Horizons/Pacificare/United Health Care.")

Because Plaintiff is a *pro se* litigant now seeking relief against a governmental entity, officer, or employee, and is proceeding *in forma pauperis*, the Court must screen his First Amended Complaint. 28 U.S.C. § 1915A(a),(b)(1), (2); *Reddogg v. Blackdog*, 2008 WL 5435323, * 2 (D.Mont. 2008). The Court must dismiss a complaint or portion thereof where Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* If Plaintiff's First Amended Complaint survives such screening, the Court will enter orders to assist Plaintiff in expediting service of the First Amended Complaint. Additionally, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Erickson v. Pardus*, 551 U.S. 89 ___, 127 S.Ct. 2197, 2200, (2007); Cf. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

The Court will grant Plaintiff's Motion to Amend Complaint[1] and will order that Plaintiff promptly file his First Amended Complaint on or before **Monday, May 11, 2009.**

**B. Motion for timeliness**

It is not clear what relief Plaintiff is requesting in his "Motion for timeliness." (docket # 7 at 2) The Court believes Plaintiff is seeking more time to comply with the Court's March 10 and April 2, 2009 orders to either consent to a magistrate judge or elect to have the case reassigned to a district judge. In light of the Court's granting leave to file an amended complaint and this lawsuit was only recently filed on March 6, 2009, the Court will grant Plaintiff additional time to consent or elect.

---

[1] The Court notes that Rule 15(a)(1), FED.R.CIV.P., allows Plaintiff to amend his Complaint once as a matter of course without leave of the Court. Future amendments will require leave of the Court and compliance with LRCiv 15.1.

C. **Motion for Magistrate Judge**[2]

Plaintiff's Motion indicates that "Plaintiff requests that the Magistrate be used in the offer to expedite proceedings." (docket # 7 at 4) Again, it is not clear and unequivocal whether Plaintiff is attempting to consent to magistrate-judge jurisdiction or not. While 28 U.S.C. § 636(c) does not specify the precise form or timing of the parties' consent, the Ninth Circuit requires that the record reflect the parties "clear and unambiguous expression of consent" in order to protect the voluntariness of a party's consent. *Kofoed v. Int'l Bhd. of Elec. Workers, Local 48*, 237 F.3d 1001, 1004 (9th Cir. 2001). The Court will grant Plaintiff additional time to clearly and unambiguously express his consent to magistrate-judge jurisdiction or to elect to have a district judge reassigned to his case. The Court will also provide Plaintiff another consent form[3] entitled CONSENT TO EXERCISE OF JURISDICTION BY UNITED STATES MAGISTRATE JUDGE, docket # 2, to assist Plaintiff in this regard. He should fill in the blank lines, sign the appropriate box, and file it with the Clerk by the **May 11, 2009** deadline or his case may be dismissed.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Amend Complaint is **GRANTED**. Plaintiff shall file his Amended Complaint on or before **Monday, May 11, 2009.**

**IT IS FURTHER ORDERED** that Defendants Secure Horizons/ Pacificare/United Health Care are hereby dismissed from this litigation without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff shall file his written election to either consent to magistrate-judge jurisdiction or elect to proceed before a United States district

---

[2] Plaintiff is informed that the undersigned's correct title is "United States Magistrate Judge." Congress changed the formal title to United States Magistrate Judge in the Judicial Improvement Act of 1990, effective December 1, 1990. Section 321 of Pub. L. No. 101-650; §102, as set out as a note under 28 U.S.C. § 631; *Dixon v. Ylst*, 990 F.2d 478, 480 n. 1 (9th Cir. 1993) ("The title was changed from 'magistrate' to 'magistrate judge.'"). Thus, a magistrate judge may be appropriately called judge or magistrate judge, but not magistrate.

[3] The docket reflects Plaintiff was provided the consent form by the Clerk on March 6, 2009. (docket # 2)

1  judge on or before **Monday, May 11, 2009** or his case may be dismissed.

2  Dated this 27th day of April, 2009.

*Lawrence O. Anderson*
United States Magistrate Judge

**(FOR USE IN CIVIL CASES WITH MAG JUDGE AS PRESIDER)**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

|  |  |
|---|---|
| Plaintiff(s) | )<br>)<br>)<br>)   Case No. _____<br>) |
| vs. | ) |
| Defendant(s) | )<br>)<br>) |

**CONSENT TO EXERCISE OF JURISDICTION BY**
**UNITED STATES MAGISTRATE JUDGE**

In accordance with provisions of Title 28, U.S.C. Sec. 636(c)(1), the undersigned (party)(counsel of record for _____) in the above-captioned civil matter hereby voluntarily consents to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial and entry of a final judgment, with direct review by the Ninth Circuit Court of Appeals if an appeal is filed.

Date: _____

_____
Signature

_____
Print Name

---

**DISTRICT JUDGE OPTION**

Pursuant to Title 28, U.S.C. Sec. 636(c)(2) the undersigned (party)(counsel of record for _____) in the above captioned civil matter acknowledges the availability of a United States Magistrate Judge but elects to have this case randomly assigned to a United States District Judge.

Date: _____

_____
Signature

_____
Print Name

---

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing Consent was served (by mail) (by hand delivery) on all parties of record in this case, this _____ day of _____, 20____.

_____
Signature

**DO NOT ELECTRONICALLY FILE.** RETURN THIS FORM TO THE CLERK'S OFFICE NO LATER THAN TWENTY DAYS FROM YOUR APPEARANCE IN THIS CASE.